**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARNAUD PACIUS,<br><br>                          Plaintiff,<br><br>            v.<br><br>MOBIS PARTS AMERICA, LLC, *et al.*,<br><br>                         Defendants. | Civil Action No. 24-35 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Mobis Parts America, LLC's ("Defendant") Motion to Dismiss Plaintiff Arnaud Pacius's ("Plaintiff") Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 7-1.) Plaintiff opposed (ECF No. 8) and Defendant replied (ECF No. 9). After considering the parties' submissions, the Court decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's Motion.

**I.   BACKGROUND**

Plaintiff began working as a general laborer for Defendant when Staffmark, a nonparty staffing agency, provided him the position in September of 2022. (Compl. ¶¶ 7-8, ECF No. 7-3.) Plaintiff, seventy years old at the time, worked every day and mainly attended to "menial, unskilled

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

tasks such as packing car windshields into boxes for shipping." (*Id.* ¶¶ 9, 10, 19, 30.) In May of 2023, Defendant sought to fill a full-time position and Plaintiff decided to apply. (*Id.* ¶ 20.) Plaintiff, however, did not receive the job. (*Id.* ¶ 21.) He then proceeded to "ask[] around," and "learned that [Defendant] has a bias against hiring 'older' persons." (*Id.*) In October of 2023, about five months after applying for the full-time position,[2] Plaintiff received a text from Staffmark, informing him that "[his] assignment has come to an end as of tonight[,]" and that "[t]his decision was made based on [his] performance." (*Id.* ¶ 25.)[3] Defendant then "hired a much younger individual to fill the full-time position that Plaintiff applied for." (*Id.* ¶ 24.)

In bringing the instant action, Plaintiff alleges that Defendant fired him due to his age, violating the New Jersey Law Against Discrimination ("NJLAD") ("Count I"). (*Id.* ¶¶ 39-40.) Plaintiff also alleges that Defendant failed to hire him due to his age, again violating the NJLAD ("Count II"). (*Id.* ¶¶ 46-47.) Finally, Plaintiff requests several "declaratory and equitable remedies and relief in this matter" ("Count III"). (*Id.* ¶ 50.)

## II.   LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556

---

[2] At this time, Plaintiff was seventy-one years old. (Compl. ¶ 27.)

[3] Plaintiff states that because "Staffmark invited [him] to seek other assignments at its office," Defendant, not Staffmark, decided to terminate him. (*Id.* ¶ 26.)

U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me[.]" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must "determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

All employment discrimination claims, such as Plaintiff's, follow the well-established *McDonnell Douglas* burden-shifting paradigm. *Victor v. State*, 4 A.3d 126, 140-41 (N.J. 2010). At the first step in the paradigm, a plaintiff must adequately raise a prima facie case of the alleged employment discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The particular elements of a prima facie case may vary depending on the type of discrimination alleged. *Victor*, 4 A.3d at 141. Ultimately, if the plaintiff can adequately allege a prima facie case, the burden shifts to the defendant to identify a "legitimate business reason for the employment decision. " *Id.* at 140, n.9 (citing *McDonnell*, 411 U.S. at 802). If the defendant can successfully do so, the plaintiff must demonstrate that defendant's provided reason is mere pretext for discrimination. *Id.*

In moving to dismiss under the above standard, Defendant contends that Plaintiff failed to set forth facts sufficient to adequately allege an inference of discrimination in the decisions to terminate and/or not to hire Plaintiff. (Def.'s Moving Br. 6-7, ECF No. 7-1.) Defendant contends that the Court must dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state "any viable cause of action against Defendant." (*Id.* at 2.) Specifically, Defendant moves to dismiss Count I and Count II of Plaintiff's Complaint for failure "to allege sufficient facts to establish an inference of discrimination," and Count III for failure to "state any cause of action." (*Id.* at 5-6, 8).

### A.   Discriminatory Discharge (Count I)

The Court grants Defendant's Motion as to Count I because Plaintiff fails to sufficiently allege facts that raise a prima facie case of age discrimination. Establishing a prima facie case for discriminatory discharge under the NJLAD requires Plaintiff to adequately allege: "(1) that plaintiff is in a protected class; (2) that plaintiff was otherwise qualified and performing the essential functions of the job; (3) that plaintiff was terminated; and (4) that the employer thereafter sought similarly qualified individuals for that job."[4] *Victor*, 4 A.3d at 141.

Plaintiff successfully alleges facts to satisfy the first three elements of an unlawful discharge claim, but fails to allege sufficient facts regarding the fourth element. First, Plaintiff adequately alleges he falls within the protected class because he was seventy-one years old at the time of termination. (Compl. ¶ 27.)[5] Second, the facts sufficiently suggest that he was otherwise

---

[4] The Court notes that Defendant does not apply the right standard in moving to dismiss Plaintiff's claim. (Def.'s Moving Br. 4-5.) This mistake is excusable, however, considering the plethora of contradicting case law as to which standard to apply to discriminatory discharge claims brought under the NJLAD. Both parties are advised, however, that moving forward, the New Jersey Supreme Court's decision in *Victor v. State* is the current applicable standard for discriminatory discharge claims brought under the NJLAD. *Victor*, 4 A. 3d at 141.

[5] The NJLAD does not specifically state the necessary age to fall into the protected class, rather, it more broadly states that "age" encompasses a "protected class" upon which employers must not discriminate. N.J.S.A. §10:5-12(t)(5).

qualified for the job—Defendant assigned him work each day, which mainly consisted of "menial, unskilled tasks such as packing car windshields into boxes for shipping." (*Id.* ¶¶ 10, 30.) Third, Plaintiff was terminated after receiving a text from Staffmark stating that his "assignment has come to an end as of tonight[,]" satisfying the third element. (*Id.* ¶ 25.) Finally, however, Plaintiff provides only that "[u]pon information and belief" Defendant hired "a much younger individual to fill the full-time position" he previously occupied. (*Id.* ¶ 24.) This is inadequate because Plaintiff fails to allege any facts as to whether the defendant *sought* a younger individual to fill the role and/or whether it sought similarly qualified candidates to fill his role and ultimately hired a younger individual. (*See generally id.*) As such, under the applicable standard, Plaintiff fails to provide sufficient facts to set forth a prima facie case of discriminatory discharge. Accordingly, the Court grants Defendant's Motion as to Count I.

### B.    Failure to Hire/Promote Claim (Count II)

The Court also grants Defendant's Motion as to Count II because Plaintiff similarly fails to provide any allegations as to whether Defendant sought similarly-qualified younger employees to replace him. To raise a prima facie case for failure to hire/promote under the NJLAD, a plaintiff must adequately allege facts substantially similar to those required for a discriminatory discharge claim: "(1) that plaintiff falls within a protected class; (2) that plaintiff was qualified for the work for which he or she applied; (3) that plaintiff was not hired; and (4) that the employer continued to seek others with the same qualifications or hired someone with the same or lesser qualification who was not in the protected status." *Victor*, 4 A.3d at 141 (citing *Andersen v. Exxon Co.*, 446 A.2d 486, 491 (1982)).

As with his discriminatory discharge claim, Plaintiff fails to provide sufficient facts as to the fourth element of his failure-to-hire claim. (*See generally* Compl.) Specifically, Plaintiff does

5

not allege that Defendant hired someone with the same or lesser qualifications. (*Id.*) Instead, Plaintiff only alleges that Defendant ultimately hired a younger individual with no mention of their qualifications. (*Id.*) Due to Plaintiff's inadequate allegations, the Court grants Defendant's Motion at to Count II.

### C. Plaintiff Cannot Plead a Request for Equitable Relief (Count III)

Finally, Plaintiff brings a claim for several declaratory and equitable remedies such as injunctive relief. (Compl. ¶ 50.)[6] Crucially, declaratory and/or equitable remedies are prayers for relief; they are not causes of action. *Chruby v. Kowaleski*, 534 F. App'x 156, 160 (3d Cir. 2013); *see also Myers v. Advanced Stores Co.*, No. 19-18183, 2020 WL 2744632, at *6 (D.N.J. May 27, 2020) (finding that plaintiff's cause of action—which requested equitable reinstatement, back pay, front pay, lost wages, payment of costs and attorney's fees, and that defendant "cease and desist all conduct inconsistent with the claims made herein,"—was erroneously portrayed as a cause of action rather than a prayer for relief). As such, the Court grants Defendant's Motion to Dismiss as to Count III, but notes that its decision does not impact Plaintiff's ability to obtain the requested relief should he be successful on his claim(s).

---

[6] Plaintiff makes nine requests for relief. (Compl. ¶ 50.) These include a declaration that Defendant's actions violate New Jersey law; an order that Defendant "cease and desist" its unlawful conduct; that Plaintiff be reinstated into his position or a position of equivalent status; that Plaintiff receive back pay and/or front pay including lost wages; that Plaintiff receive costs and attorney's fees; an order that Defendant implement and provide all employees with policies prohibiting discrimination; an order that Defendant furnish proof that to Plaintiff's counsel that Plaintiff completed his initial training; an order that Defendant expunge from Plaintiff's record any negative information about his performance and termination; and that "the Court do such other equity as is reasonable, appropriate and just." *Id.*

## IV. CONCLUSION

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss under Rule 12(b)(6). An Order consistent with this Memorandum Opinion will follow.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**